**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**MICHAEL LOVICK, # 186982**                    **CIVIL ACTION**

**VERSUS**                                                       **NO. 04-2853**

**BURL CAIN, WARDEN**                              **SECTION "C"**

<u>**ORDER AND REASONS**</u>

Before this Court is a petition for habeas corpus relief by Mr. Michael Lovick
("petitioner"), pursuant to 28 U.S.C. § 2254.  As grounds for relief, petitioner claims: (1) the
state failed to disclose inculpatory statements of Lolitha Loab; the trial court erred in allowing
these statements into evidence; and the petitioner was prejudiced by the State's failure to disclose
these statements; (2) ineffective assistance of counsel for failure to object to the introduction of
the inculpatory statement/confession of Michael Lovick disclosed on the witness stand by
Lolitha Loab; (3) Lolitha Loab's testimony was inconsistent and perjured; (4) ineffective
assistance of counsel for failure to object and impeach Lolitha Loab based on prior inconsistent
statements;  (5) ineffective assistance of counsel for failure to properly investigate and interview
potential defense witnesses; (6) ineffective assistance of counsel for failure to advance the
polygraph examination results on Demetrus Walker and Eddie Thomas in grand jury and post-
trial proceedings; (7) the state withheld or suppressed evidence favorable to the petitioner;

(8) the testimony of Kim White during the suppression hearing and her statements to the police were inconsistent; (9) counsel was ineffective for failure to object and impeach Kim White based on prior inconsistent statements; (10) the District Court erred in concluding the facts of petitioner's claims as it related to La. C. Cr. Pr. 930.4; and (11) the District Court erred in concluding that petitioner's Motion for Production of Documents concerning the court minutes and transcripts of the grand jury proceedings was the inappropriate vehicle for his request.

Upon a thorough review of the record, the memoranda, and the applicable law, the Court has determined that petitioner's habeas corpus petition is without merit.  For the reasons set forth below, this petition is **DENIED**.


I.       **Background and Procedural History**

Petitioner is a state prisoner at Louisiana State Penitentiary in Angola, Louisiana.[1]  He was originally charged with first degree murder in violation of La. R.S. 14:30, but was convicted of second degree murder on May 12, 2000, and sentenced to the mandatory penalty of life imprisonment at hard labor, without benefit of parole, probation or suspension of sentence.[2]

His direct appeal was denied on May 16, 2001 by the Fifth Circuit.[3]  Petitioner subsequently applied for a supervisory writ to the Louisiana Supreme Court, which was denied May 10, 2002.[4]  On April 22, 2003 petitioner filed a Motion for Post Conviction Relief in the Twenty-Fourth Judicial District Court.[5]  This motion was denied in part by the District Court on

---

[1] Fed. Rec. Doc. 1, Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody, *Lovick v. Cain*, No. 04-2853.
[2] State Rec. Vol. 8, Fifth Circuit Opinion Affirming Trial Court Judgment, May 16, 2001. For a comprehensive statement of the facts of the case, see p. 567-69.
[3] State Rec. Vol. 8, Fifth Circuit Opinion Affirming Trial Court Judgment, May 16, 2001.
[4] State Rec. Vol. 8, Application to Louisiana Supreme Court Denied, May 10, 2002.
[5] State Rec. Vol. 7, Uniform Application for Post Conviction Relief, April 28, 2003.

April 30, 2003.[6]  In the same order, the court allowed petitioner thirty days to state his reasons

for failing to raise on direct appeal the issues regarding the state's alleged failure to disclose

inculpatory statements of Lolitha Loab, the alleged error in their being admitted, and the alleged

prejudice petitioner suffered.[7]  Petitioner did not state his reasons in his May 30, 2003 response,

arguing instead that the issues had not been presented at trial and so were unavailable on appeal,

and the District Court deemed the errors waived on June 9, 2003.[8]  Petitioner filed for

supervisory writs with the Louisiana Fifth Circuit Court of Appeal, which denied the writs on

July 25, 2003, finding no error in either of the District Court's decisions.[9]  Petitioner

subsequently applied for supervisory writs to the Louisiana Supreme Court, which denied his

application on September 3, 2004.[10]

     Petitioner filed this federal application for habeas corpus on September 4, 2004.[11]


## II.      Jurisdiction

     Jurisdiction is proper under the Antiterrorism and Effective Death Penalty Act (AEDPA)

if the petitioner is "in custody" under the conviction he is attacking.[12]  Petitioner Lovick is

confined at Louisiana State Penitentiary in Angola,  therefore jurisdiction is proper.

---

[6] State Rec. Vol. 7, Order, April 30, 2003. The district court denied relief on the claim that Lolitha Loab's testimony
was inconsistent and perjured (error No. 3 in the instant petition). The district court also denied relief on the
ineffective assistance of counsel claims (errors No. 2, 5, 6 in the instant petition).
[7] State Rec. Vol. 7, Order, April 30, 2003.
[8] State Rec. Vol. 7, Order, *State v. Lovick*, No. 98-4563, June 9, 2003.
[9] State Rec. Vol. 7, Application to Fifth Circuit Denied, July 25, 2003.
[10] State Rec. Vol. 8, Application to Louisiana Supreme Court Denied, September 3, 2004.
[11] Fed. Rec. Doc. 1, Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody,
*Lovick v. Cain*, No. 04-2853.
[12] 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a).

### III.   Venue

Venue is proper under AEDPA in the district where the inmate is in custody or where the state court conviction and sentence were obtained.[13]  Petitioner Lovick was convicted and sentenced in Jefferson Parish, therefore venue in the Eastern District of Louisiana is proper.

### IV.   Timeliness

After thoroughly reviewing the record, the Court finds that petitioner's application was timely filed. Generally speaking, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires that a petitioner bring his Section 2254 claims within one year of the date on which his conviction became final.[14]  Pursuant to 28 U.S.C. § 2244(d)(1)(A), petitioner's one-year limitation period for seeking federal habeas corpus relief commenced running on the date on which that judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review."  Because petitioner's direct appeal was denied by the Supreme Court of Louisiana on May 10, 2002 and he did not appeal to the United States Court Supreme Court, his conviction became final on August 8, 2002, ninety days after the Supreme Court of Louisiana denied the application for supervisory writs on May 10, 2002.[15]

---

[13] 28 U.S.C. § 2241(d).

[14] 28 U.S.C. § 2244(d).

[15] The Court notes that in their response the State contends that the petitioner did not timely file for supervisory writ to the Louisiana Supreme Court and therefore his conviction became final on May 30, 2001.  (Fed. Rec. Doc. 7, Response in Opposition to Granting Writ of Habeas Corpus).  The Court finds however, that the record reflects the petitioner's writ was postmarked June 13, 2001, within the thirty day time period prescribed by Louisiana Supreme Court Rule X, § 5(d).  (State Rec. Vol. 8, Letter from Clerk of Court for Louisiana Supreme Court, June 21, 2003).  The Court will therefore treat June 13, 2001 as the date the writ was filed to determine timeliness, as it represents the earliest date that petitioner could have presented his application supervisory writ to prison officials for mailing, and therefore, the earliest date this Court could consider the petition as filed for statute of limitations purposes.  *See Roberts v. Cockrell*, 319 F.3d 690, 691 n2 (5th Cir. 2003).

On this date, the one-year statute of limitations for filing a federal habeas corpus petition began to run.[16]  However, AEDPA's one-year statute of limitations is tolled for the period during which a properly filed application for post state conviction relief or other collateral review attacking a conviction or sentence is pending in state court.[17]  A total of 257 days passed from August 8, 2002 until April 22, 2003, when petitioner filed his motion for post conviction relief. From April 22, 2003 until September 3, 2004, the statute of limitations was tolled for a period of 500 days while petitioner's application for state post-conviction relief was pending in state court. Petitioner filed the instant petition on September 4, 2004.  Allowing tolling for the period during which petitioner's state applications were pending, a total of 358 days lapsed, which is within the statute of limitations.

For the reasons stated above, the Court finds that Mr. Lovick's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is timely.

## V.      Exhaustion

Petitioner has exhausted available state remedies as required by AEDPA.  Under AEDPA, a petitioner must first exhaust his remedies in state court before seeking habeas relief from the federal courts.[18]  "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts."[19]  Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal habeas petition were previously presented to the state's highest court in a procedurally proper manner according to state court rules.[20]

---

[16] See *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003); *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999).
[17] See *Fields v. Johnson*, 159 F.3d 914 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2).
[18] 28 U.S.C. § 2254(b)(1)(A).
[19] *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted).
[20] *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

Petitioner presents eleven claims for review in his federal habeas petition as listed above.  Each of these claims was raised in his application for writs of certiorari and review to the Louisiana Supreme Court.[21]  Accordingly, petitioner has satisfied AEDPA's exhaustion requirement.  Therefore, the Court will address petitioner's claims on the merits. For clarity's sake, the Court will address each claim in turn, in the order presented in the petition.

## VI.    Standard of Review

AEDPA comprehensively overhauled federal habeas corpus legislation, including 28 U.S.C. § 2254.  Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law, and mixed questions of fact and law.[22]  Provided that the state court adjudicated the claim on the merits, pure questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1) and questions of fact are reviewed under § 2254(d)(2).[23]

As to questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[24] The United States Supreme Court has noted the following:

> § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning.  A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts.  The court may grant relief under the "unreasonable application" clause if the state

---

[21] State Rec. Vol. 8, Application for Writs of Certiorari and Review, August 17, 2003.
[22] 28 U.S.C. § 2254(d):
    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
        (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
        (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
[23] *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).
[24] 28 U.S.C. § 2254(d)(1).

court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case.  The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams v. Taylor*, 529 U.S. 362 (2002) that an unreasonable application is different from an incorrect one.[25]

As to questions of fact, factual findings are presumed to be correct, and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[26]

## VII.   Law and Analysis

 **(1) The state failed to disclose inculpatory statements of Lolitha Loab; the trial court erred in admitting them; petitioner was prejudiced by the state's failure to disclose.**

This claim was raised in petitioner's application for post-conviction relief. The state contends that this Court is barred from reviewing these claims because the state courts rejected the claims based on a procedural default.

The United States Fifth Circuit Court of Appeals has set forth the standards to use when analyzing whether a claim is procedurally barred:

> A claim that a state has withheld a federal right from a person in its custody may not be reviewed by a federal court if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision… This rule applies to state court judgments on both substantive and procedural grounds. Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim are presumed to rest upon the same ground.[27]

---

[25] *Bell v. Cone*, 535 U.S. 685, 694 (2002) (internal citations omitted).
[26] 28 U.S.C. § 2254(d)(2); see also *Hill v. Johnson*, 210 F.3d 481, 485; 28 U.S.C. § 2254(e)(1).
[27] *Finley v. Johnson*, 243 F.3d 215, 218 (5th Cir. 2001), citations omitted.

"When the state court has relied on an independent and adequate state procedural rule, federal *habeas* review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice."[28]  "To establish cause for a procedural default, there must be something *external* to the petitioner, something that cannot fairly be attributed to him."[29]  To establish a "fundamental miscarriage of justice," the petitioner must "make a persuasive showing that he is actually innocent of the charges against him.  Essentially, the petitioner must show that, as a factual matter, he did not commit the crime for which he was convicted." [30]

The state court refused to consider petitioner's claim because he did not raise it on his appeal. The court gave petitioner 30 days to provide a reasonable excuse for this failure; when he did not, the court subsequently ruled that his "failure to raise said issues is deemed as waiving the issue for future review."[31]  Accordingly, this claim is procedurally barred unless "petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice."[32]

In order to show cause, petitioner must show that some objective factor, external to the defense, prevented him or his defense counsel from raising the claim at issue in a procedurally proper manner.[33]  Petitioner essentially argues that this claim was not raised due to the fact that he received ineffective assistance of counsel.  In some circumstances, ineffective assistance of counsel may constitute cause that will overcome a procedural bar.[34]  However, a petitioner must

---

[28] *Hughes v. Johnson*, 191 F.3d 607, 614 (5th Cir. 1999).
[29] *Johnson v. Puckett*, 176 F.3d 809, 816 (5th Cir. 1999) (quotation marks omitted) (emphasis in original).
[30] *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001), citations omitted.
[31] State Rec. Vol. 7, Order, *State v. Lovick*, No. 98-4563, June 9, 2003
[32] *Hughes v. Johnson*, 191 F.3d 607, 614 (5th Cir. 1999).
[33] *Romero v. Collins*, 961 F.2d 1181, 1183 (5th Cir. 1992).
[34] *Tucker v. Johnson*, 242 F.3d 617, 627 (5th Cir. 2001).

show that the ineffectiveness of counsel was sufficiently egregious to violate the Sixth

Amendment under the standards set forth in *Strickland*.[35]

Here the petitioner argues that the state failed to disclose inculpatory evidence in the form

of statement made by Lolitha Loab. However, the record shows that the state did provide notice

of intent to use and introduce her statement.[36]  At trial, the defense attempted to impeach her

testimony with a copy of her prior statement.

Petitioner has not met the *Strickland* test and has raised no external factor sufficient to

excuse the state procedural defaults, so the Court finds that petitioner has failed to establish

cause as to the procedurally barred claims. "Absent a showing of cause, it is not necessary for

the court to consider whether there is actual prejudice." [37]

Since cause has not been shown, petitioner can overcome the procedural bar to this claim

only by showing a fundamental miscarriage of justice.  The United States Fifth Circuit Court of

Appeals has held:

> [A] fundamental miscarriage of justice may be demonstrated by a showing that a
> constitutional violation has probably resulted in the conviction of one who is
> actually innocent.  To satisfy this standard, a petitioner must show that he is
> actually innocent.  To demonstrate actual innocence, it is necessary that the
> petitioner show that it is more likely than not that no reasonable juror would have
> found petitioner guilty beyond a reasonable doubt . . . in light of all of the
> evidence, including that alleged to have been illegally admitted (but with due
> regard to any unreliability of it) and evidence tenably claimed to have been
> wrongfully excluded or to have become available only after trial.[38]

Petitioner does not allege or demonstrate, that he is *actually innocent* of the crime of

which he was convicted.  Therefore, he has not shown that any miscarriage of justice would

result from application of the procedural bar to this claim.

---

[35] *Cook v. Lynaugh*, 821 F.2d 1072, 1077-78 (5th Cir. 1987).
[36] State Rec. Vol 1, p. 167.
[37] *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996).
[38] *Lucas v. Johnson*, 132 F.3d 1069, 1077 (5th Cir. 1998), quotation marks and citations omitted.

**(2) Ineffective assistance of counsel for failure to object to the inculpatory statement of Michael Lovick given on the witness stand by Lolitha Loab.**

This claim was raised in petitioner's application for post-conviction relief.

A claim of ineffective assistance of counsel is a mixed question of law and fact.[39] Therefore, this Court must defer to the state court on these claims unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[40]

In *Strickland* the United States Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel.[41] A petitioner seeking relief must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense.[42]

Petitioner bears the burden of proof when asserting a claim for ineffective assistance of counsel. Petitioner "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective."[43] If a court finds that petitioner has made an insufficient showing as to either of the two prongs of inquiry, i.e. deficient performance or actual prejudice, it may dispose of the claim without addressing the other prong.[44]

To prevail on the deficiency prong, petitioner must demonstrate that counsel's conduct failed to meet the constitutional minimum guaranteed by the Sixth Amendment.[45] "Counsel's performance is deficient if it falls below an objective standard of reasonableness."[46] Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light

---

[39] *Moore v. Co*ckrell, 313 F.3d 880, 881 (5th Cir. 2002), cert. denied, 538 U.S. 969, 123 S.Ct. 1768 (2003).
[40] 28 U.S.C. § 2254(d)(1).
[41] *Strickland v. Washington*, 466 U.S. 668 (1984).
[42] *Id*. at 697.
[43] *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1993); *Clark v. Johnson*, 227 F.3d 273, 284 (5th Cir. 2000).
[44] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).
[45] *Styron v. Johnson*, 262 F .3d 438, 450 (5th Cir.2001), cert. denied, 534 U.S. 1163 (2002).
[46] *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir.1998).

of all the circumstances.[47]  "[I]t is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'"[48]  Petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation.[49]

In order to prove prejudice, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[50] A reasonable probability is one "sufficient to undermine confidence in the outcome."[51]

The record supports that Loab testified at a hearing on November 19, 1998,[52] and again at trial.[53]  Both times she testified under oath, and both times was subjected to comprehensive cross examination by the defense. At trial, the defense attempted to impeach her testimony with a copy of her prior statement. Petitioner fails to demonstrate that counsel's trial strategy fell outside the wide range of reasonable representation. In addition, petitioner fails to establish any prejudice to him as a result of counsel's performance.

The petitioner fails to satisfy the *Strickland* test that counsel's behavior was deficient and prejudicial. The Court finds nothing contrary to, or involving any unreasonable application of, federal law, and so defers to the state court decision denying relief for petitioner's claims of ineffective assistance of counsel.

---

[47] *Strickland*, 466 U.S. at 689.
[48] *Lockhart v. Fretwell*, 506 U.S. 364, 371 (1993) (quoting *Strickland*, 466 U.S. at 690).
[49] *Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir.1986); *Matheson v. King*, 751 F.2d 1432, 1441 (5th Cir.1985).
[50] *Strickland*, 466 U.S. at 694.
[51] *Id*.
[52] State Red. Vol. 2, p. 384-396.
[53] State Rec. Vol. 5, p.1122-87.

**(3) Lolitha Loab's testimony was inconsistent at the suppression hearing and at trial.**

This claim was raised in petitioner's application for post-conviction relief.

With respect to state court evidentiary rulings, a federal habeas court does not sit to review the correctness of such rulings.[54]  It is "not the province of a federal habeas court to reexamine state-court determinations on state-law questions."[55]  A federal habeas court does not sit as a "super" state supreme court to review errors under state law.[56]  Under Louisiana Law, "It is the role of the fact finder to weigh the respective credibility of the witness."[57]

> "Simply because the witness may have been impeached by prior inconsistent statements does not mean that the jury was prohibited from believing anything said by the witness. The inconsistencies in the witness's statements are one of any number of factors the jury weighs in determining whether or not to believe a witness's trial testimony.
> Furthermore, the jury may 'accept or reject, in whole or in part, the testimony of any witness.'"[58]

The petitioner raised various arguments about the sufficiency of evidence as a result of inconsistencies in the testimony of Lolitha Loab in his direct appeal and his post-conviction relief application. On direct appeal, the appellate court held that:

> "A determination of the weight of evidence is a question of fact, resting solely with the trier of fact who may accept or reject, in whole or in part, the testimony of any witnesses. A reviewing court may impinge on the fact finding function of the jury only to the extent necessary to assure the Jackson standard of review. It is not the function of an appellate court to assess credibility or re-weigh the evidence."[59]

---

[54] *Mercado v. Massey*, 536 F.2d 107, 108 (5th Cir. 1976).

[55] *Trevino v. Johnson*, 168 F.3d 173, 184 (5th Cir. 1999), quoting *Estelle v. McGuire*, 502 U.S. 62, 67-8 (1991); see also *Molo v. Johnson*, 207 F.3d 773, 776 (5th Cir. 2000); and *Hogue v. Johnson*, 131 F.3d 466, 506 (5th Cir. 1997).

[56] *Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991).

[57] *State v. Milton*, 2006 WL 2776247, 1 (La.App. 3 Cir. 2006).

[58] *State v. Lovick* 788 So.2d 565, 571-73 (La.App. 5 Cir. 2001), citations omitted. The court comprehensively examined the facts established at trial, and held that "Based on the evidence presented at trial, a rational trier of fact could have found that the state proved, beyond reasonable doubt, that defendant shot Mark Willis…"

[59] *State v. Lovick* 788 So.2d 565, 572 (La.App. 5 Cir. 2001), citations omitted.

On post conviction, the district court held that: "[T]his issue should have been raised during defendant's trial. The issue of credibility of a witness is a question of fact for the Trial Court as the trier of fact, thus this Court finds that the defendant is not entitled to the relief regarding perjury allegedly committed by trial witness."[60]

As noted earlier, Ms. Loab testified under oath at the suppression hearing and at trial, and both times was subjected to comprehensive cross examination by the defense. The jury was the ultimate judge of her credibility and chose to believe her testimony.

The Court defers to the state court decision, finding nothing based on any unreasonable determination of the facts in light of the evidence presented at trial, and finding nothing contrary to or involving an unreasonable application of clearly established Federal law.

**(4) Ineffective assistance of counsel for failure to object and impeach Lolitha Loab based on prior inconsistent statements.**

This claim was raised in petitioner's application for post-conviction relief.

As discussed above, a petitioner seeking relief must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense.[61]

As noted earlier, the record supports that Loab testified at a hearing on November 19, 1998,[62] and again at trial.[63]  Both times she testified under oath, and both times was subjected to comprehensive cross examination by the defense. At trial, the defense attempted to impeach her testimony with a copy of her prior statement, in particular pointing out that she testified at trial that he admitted his involvement in the crime, but had not testified to that in her first statement.

---

[60] State Rec. Vol. 7, *State v. Lovick*, 98-4563, April 29, 2003 and again on June 9, 2003.
[61] *Id*. at 697.
[62] State Red. Vol. 2, p. 384-396.
[63] State Rec. Vol. 5, p.1122-87.

The transcript of Ms. Loab's cross examination at trial is 42 pages long.[64]  Defense counsel extensively cross-examined her about her testimony and her prior statements, including whether petitioner admitted his involvement in the crime, whether he borrowed clothes from her, whether he was at her house before or after the crime.

Petitioner fails to demonstrate that counsel's trial strategy fell outside the wide range of reasonable representation. In addition, petitioner fails to establish any prejudice to him as a result of counsel's performance.

**(5) Ineffective assistance of counsel for failure to properly investigate and interview potential defense witnesses.**

This claim was raised in petitioner's application for post-conviction relief. Petitioner did not brief this issue in his habeas petition, but instead referred back to his post-conviction application, from which the substance of this claim is drawn.

As discussed above, a petitioner seeking relief must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense.[65]

The potential witnesses were identified in petitioner's application for post-conviction relief, not in his habeas petition. The record supports that all four were well-known to the defense and were involved in the investigation of the murder, and were not discovered after trial. Defense counsel's decision not to call these witnesses was not the result of a failure to investigate but instead amounts to trial strategy.

Eddie Thomas testified at the suppression hearing and was cross-examined. Demetress Walker testified at trial and was cross-examined by the defense. Petitioner alleges that Denise Hanna and Khian Drawsand could have contradicted the testimony of Kim White, in particular

---

[64] State Rec. Vol. 5, Trial Transcript, p. 1138-80.
[65] *Id*. at 697.

that there was no party at Khian's house the night of the murder. The record does not support this claim. Ms. White testified at trial and was extensively cross-examined on her prior testimony and on her testimony at trial.[66]   She did not testify that Drawsand sponsored a party that night. Whether Khian Drawsand hosted a party on the night in question is irrelevant to the Ms. White's testimony, which was offered, challenged on cross-examination, and accepted as credible by the finder of fact. There is no evidence that defense counsel failed to investigate the case.

Petitioner fails to demonstrate that counsel's trial strategy fell outside the wide range of reasonable representation. In addition, petitioner fails to establish any prejudice to him as a result of counsel's performance.

**(6) Ineffective assistance of counsel for failure to advance the polygraph results on Demetrus Walker and Eddie Thomas in grand jury and post-trial proceedings.**

This claim was raised in petitioner's application for post-conviction relief.

As discussed above, a petitioner seeking relief must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense.[67]

The  state argues that defense counsel was not ineffective, as polygraph examinations are not admissible in Louisiana criminal cases. The Louisiana Supreme Court has held:

> This Court has long adhered to the view that lie detector or polygraph test results are inadmissible for any purpose at the trial of guilt or innocence in criminal cases. Consistent with this view, the Court has "made it clear" that the rule excluding polygraph evidence "also operates to prevent any reference during trial to the fact that a witness has taken a polygraph examination with respect to the subject matter of his testimony." Such evidence is prohibited because it "invites a probable inference by the jury that the witness passed the polygraph examination and therefore is testifying truthfully." Moreover, this Court has held that polygraph information and test results are inadmissible "either as substantive evidence or as relating to the credibility of a party or witness."[68]

---

[66] State Rec. Vol. 5, Trial Transcript, p. 1041-1112.
[67] *Id*. at 697.
[68] *State v. Legrand*, 864 So.2d 89, 98, 2002-1462 (La. 2003).

Petitioner cannot establish that defense counsel's performance was deficient by alleging counsel did not advance materials that are inadmissible as a matter of law in Louisiana. Petitioner fails to demonstrate that counsel's trial strategy fell outside the wide range of reasonable representation. In addition, petitioner fails to establish any prejudice to him as a result of counsel's performance.

### (7) The state withheld or suppressed evidence favorable to the petitioner

This claim was raised in petitioner's application for post-conviction relief. Petitioner Lovick raises an argument grounded in *Brady v. Maryland*,[69] which held that a state violates a defendant's due process rights when it fails to disclose to the defendant prior to trial "evidence favorable to an accused . . . where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."[70] The suppression of such evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."[71]

Whether evidence is material is a mixed question of law and fact.[72] Three requirements must be met before a violation exists.[73] "The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued."[74]

When assessing the materiality of impeachment evidence, the Court must consider "the nature of the impeachment evidence improperly withheld and the additional evidence of the

---

[69] *Brady v. Maryland*, 373 U.S. 83, 10 L. Ed. 2d 215, 83 S.Ct. 1194  (1963).
[70] *Id*. at 87; see also *United States v. Agurs*, 427 U.S. 97 (1976).
[71] *Strickler v. Greene*, 527 U.S. 263 (1999), internal quotation marks and citation omitted.
[72] *Graves v. Dretke*, 442 F.3d 334, 339 (C.A.5 (Tex.) 2006), citing *Summers v. Dretke*, 431 F.3d 861 (5th Cir.2005), and *Trevino v. Johnson*, 168 F.3d 173, 185 (5th Cir.1999).
[73] *Id*. at 281.
[74] *Id.*

defendant's guilt independent of the disputed testimony."[75]  It is unlikely that a petitioner will be successful arguing materiality for minor inconsistencies in testimony.[76]

The Court must defer to the state court's decision unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[77]

The petitioner argues that the prosecution withheld evidence that would have been exculpatory, specifically the statements from and the polygraph test of Eddie Thomas. The record does not support this claim. There is testimony in the record that this information was actually provided by the prosecution, and the defense counsel agrees, in the record, to having received it.[78]

> "Mr. Wolff: Also provided to Mr. Armato yesterday were the four statements — four transcribed statements of Eddie Thomas… the two polygraph test results, one being for Eddie Thomas and one being for Michael Lovick. Mr. Aramato: That's right, Your Honor, I've received all of that yesterday."[79]

The trial record supports that this information was not withheld by the prosecution. The state courts denied petitioner's *Brady* claims, and the Court finds this was not contrary to, and did not involve any unreasonable application of, federal law. Therefore, the Court defers to the state court decision, and finds petitioner's claim of a Brady violation to be without merit.

---

[75] *Wilson v. Whitley*, 28 F.3d. 433 (5th Cir. 1994), citing *United States v. Weintraub*, 871 F.2d 1257 (5th Cir. 1989).
[76] See *Drew v. Collins*, 964 F.2d 411 (5th Cir. 1992), cert denied, 113 S.Ct. 3044 (1993).
[77] 28 U.S.C. § 2254(d)(1).
[78] State Rec. Vol. 3, p. 614-45, Transcript of the proceedings taken April 23, 1999, p. 98-99.
[79] *Id.*

**(8) The testimony of Kim White at the suppression hearing and her statements to the police were inconsistent.**

This claim was raised in petitioner's application for post-conviction relief.

With respect to state court evidentiary rulings, a federal habeas court does not sit to review the correctness of such rulings.[80]  It is "not the province of a federal habeas court to reexamine state-court determinations on state-law questions."[81]  A federal habeas court does not sit as a "super" state supreme court to review errors under state law.[82]  Under Louisiana Law, "It is the role of the fact finder to weigh the respective credibility of the witness."[83]

As noted earlier, Ms. White testified under oath at the suppression hearing and at trial, and both times was subjected to vigorous cross examination by defense counsel. The jury was the ultimate judge of her credibility and chose to believe her testimony.

The Court defers to the state court decision, finding nothing based on any unreasonable determination of the facts in light of the evidence presented at trial, and finding nothing contrary to or involving an unreasonable application of clearly established Federal law.

**(9) Counsel was ineffective for failure to object and impeach Kim White based on prior inconsistent statements.**

This claim was raised in petitioner's application for post-conviction relief.

As discussed above, a petitioner seeking relief must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense.[84]

---

[80] *Mercado v. Massey*, 536 F.2d 107, 108 (5th Cir. 1976).
[81] *Trevino v. Johnson*, 168 F.3d 173, 184 (5th Cir. 1999), quoting *Estelle v. McGuire*, 502 U.S. 62, 67-8 (1991); see also *Molo v. Johnson*, 207 F.3d 773, 776 (5th Cir. 2000); and *Hogue v. Johnson*, 131 F.3d 466, 506 (5th Cir. 1997).
[82] *Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991).
[83] *State v. Milton*, 2006 WL 2776247, 1 (La.App. 3 Cir. 2006).
[84] *Id*. at 697.

As noted earlier, the record supports that Ms. White testified under oath at the suppression hearing and at trial, and both times was subjected to cross examination by defense counsel. At trial, the defense attempted to impeach her testimony with a copy of her prior statement. Defense counsel extensively cross-examined her, in particular pointing out inconsistencies in her statements regarding who was present near the scene the night of murder, whether she saw Mr. Durell running away from the murder scene while she heard the shots being fired, where she put the drugs she removed from the victim's house before police arrived, and whether Mr. Durell admitted to her that his part in the crime was solely to knock on the victim's door. The transcript of Ms. White's cross examination at trial is 34 pages long.[85]

Petitioner fails to demonstrate that counsel's trial strategy fell outside the wide range of reasonable representation. In addition, petitioner fails to establish any prejudice to him as a result of counsel's performance.

**(10) The District Court erred in concluding the facts of petitioner's claims as it related to La. C. Cr. Pr. 930.4.**

This claim was raised in petitioner's application for post-conviction relief. The state contends that the state court properly rejected the claims based on a procedural default.

Petitioner argues that the court erred in dismissing three of his post conviction claims pursuant to La. C.Cr.P. Art. 930.4.[86]  The court stated that the issues were considered waived

---

[85] State Rec. Vol. 5, Trial Transcript, p. 1063-1097.
[86] Repetitive applications: A. Unless required in the interest of justice, any claim for relief which was fully litigated in an appeal from the proceedings leading to the judgment of conviction and sentence shall not be considered. B. If the application alleges a claim of which the petitioner had knowledge and inexcusably failed to raise in the proceedings leading to conviction, the court may deny relief. C. If the application alleges a claim which the petitioner raised in the trial court and inexcusably failed to pursue on appeal, the court may deny relief. D. A successive application may be dismissed if it fails to raise a new or different claim. E. A successive application may be dismissed if it raises a new or different claim that was inexcusably omitted from a prior application. F. If the court considers dismissing an application for failure of the petitioner to raise the claim in the proceedings leading to

for review because they had not been raised on appeal, and allowed the petitioner 30 days to state reasons for his failure.[87]   Subsequently, the district court denied the claims because petitioner did not provide reasons.[88]   This Court finds that petitioner was allowed ample opportunity to raise his claims regarding inculpatory statements. As noted earlier, the claims were denied by the state court as procedurally defaulted.[89]   In addition, petitioner failed to establish cause, prejudice, or a substantial miscarriage of justice such that the procedural bar could be overcome. This claim is without merit.

**(11) The District Court erred in finding that petitioner's Motion for Production of Documents was the inappropriate vehicle for his request.**

The petitioner raised this claim in his application for post-conviction relief. Specifically, petitioner argues the court erred when it stated that his motion for the production of documents for court minutes and grand jury transcripts as another application for post conviction relief was "the inappropriate procedural vehicle for this type of motion."[90]   The record does not support his claim. The state court did not deny the petitioner access to the requested records. Instead, the court advised that it is not the custodian of the requested documents, and the petitioner was directed to the Clerk of Court.[91]   The Court finds that this claim is without merit.

---

conviction, failure to urge the claim on appeal, or failure to include the claim in a prior application, the court shall order the petitioner to state reasons for his failure. If the court finds that the failure was excusable, it shall consider the merits of the claim. L.S.A-C.Cr.P. Art. 930.4

[87] State Rec. Vol. 7, *State v. Lovick*, 98-4563, April 29, 2003.

[88] State Rec. Vol. 7, *State v. Lovick*, 98-4563, June 9, 2003.

[89] The court acknowledges the typographical error in the district court's order of June 9, 2003 which petitioner points out in his petition, but does not agree it is an error in fact calling for reversal.

[90] State Rec. Vol. 7, *State v. Lovick*, 98-4563, April 29, 2003.

[91] The Court notes that petitioner filed a motion requesting the same materials which was denied as repetitive on June 20, 2002. See State Rec. Vol. 7, *State v. Lovick*, 98-4563, June 20, 2002.

**VIII.   Conclusion**

Having considered the complaint, the record on direct appeal and for post conviction relief, and the applicable law, it is determined that petitioner has failed to demonstrate that his state conviction and sentence present grounds for the relief requested.  Accordingly, **IT IS ORDERED** that the petition of MICHAEL LOVICK for writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED WITH PREJUDICE**.  Judgment will be entered accordingly.

New Orleans, Louisiana this 7th day of March, 2007.


HELEN G. BERRIGAN
U.S DISTRICT JUDGE